UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LO 337 IP HOLDING, LLC d/b/a WORLDSTARHIPHOP, <br><br> Plaintiff, <br><br> v. <br><br> JOHN WILLIAMS, et al., <br><br> Defendants. | CIVIL ACTION NO. 1:19-CV-01993-JPB |

## ORDER

This matter came before the Court for a damages hearing on LO 337 IP Holding, LLC's ("Plaintiff") Motion for Default Judgment. This Court finds as follows:

## BACKGROUND

On May 12, 2019, Plaintiff filed a complaint against John Williams, J Entertainment Productions LLC, J Entertainment ATL LLC, Worldstar Hit Radio LLC, Worldstar Marketing Agency LLC and Does 1 through 10 (collectively, "Defendants") alleging trademark infringement. [Doc. 1]. On September 12, 2019, the Clerk entered default against Defendants. See September 12, 2019 Docket Entry. Thereafter, on December 24, 2019, Plaintiff moved the Court for default judgment. [Doc. 16]. In its supporting brief, Plaintiff requested a default

judgment including: (1) a finding of liability; (2) entry of permanent injunctive relief; (3) the surrender of Defendants' websites; (4) an award of statutory damages; and (5) an award of attorney's fees and costs. [Doc. 16-1, p. 2]. On September 17, 2020, this Court entered default judgment as to liability only. [Doc. 26]. Thereafter, pursuant to Federal Rule of Civil Procedure 55(b)(2), the Court held a damages hearing. At the conclusion of the hearing, the Court instructed Plaintiff to submit a proposed order and evidence of its attorney's fees. Instead of submitting a proposed order, on October 26, 2021, Plaintiff filed a Motion for Costs and Attorney's Fees [Doc. 34] and a Motion for Entry of Permanent Injunction [Doc. 37].

## DISCUSSION

As stated above, this Court previously granted Plaintiff's Motion for Default Judgment as to liability. Therefore, only Plaintiff's requested relief is discussed below.

1. Injunctive Relief

To prevent violations of trademark law, a district court is authorized to issue an injunction "according to the principles of equity and upon such terms as the court may deem reasonable." 15 U.S.C. § 1116(a). As a general rule, permanent injunctive relief is appropriate where a plaintiff demonstrates that: (1) it has

suffered irreparable injury; (2) there is no adequate remedy at law; (3) the balance of hardship favors an equitable remedy; and (4) an issuance of an injunction is in the public's interest.  Chanel, Inc. v. Besumart.com, 240 F. Supp. 3d 1283, 1290 (S.D. Fla. 2016).

After considering Plaintiff's well-pled allegations and the arguments made at the hearing, this Court finds that the four factors are satisfied in this case.  First, Plaintiff has demonstrated irreparable harm by showing that Defendants' repeated use of Plaintiff's trademarks to transact business has likely led to confusion about Plaintiff's services.  See ABS-CBN Corp. v. Abscbn-teleserye.com, No. 17-61051-CIV, 2017 WL 6947726, at *5 (S.D. Fla. Dec. 27, 2017) ("[I]n trademark cases, 'a sufficiently strong showing of likelihood of confusion [caused by trademark infringement] may by itself constitute a showing of . . . a substantial threat of irreparable harm.'")  Second, Plaintiff has no adequate remedy at law if Defendants are permitted to continue using Plaintiff's trademarks because Plaintiff "cannot control the quality of what appears to be [its] services in the marketplace." Id.  Third, the balance of hardships favors Plaintiff because an injunction would simply prevent Defendants from using Plaintiff's trademarks, whereas Plaintiff faces a risk of mistake and deception to its customers from use of trademarks that it previously registered.  Finally, the public interest supports the issuance of a

permanent injunction because it will prevent consumer confusion. Accordingly, the Court finds that permanent injunctive relief is appropriate in this case, and Plaintiff's Motion for Entry of Permanent Injunction [Doc. 37] is **GRANTED**. Plaintiff's Proposed Order on Permanent Injunction [Doc. 37-1] is **APPROVED** and fully incorporated herein.

    2.  Statutory Damages for Use of a Counterfeit Mark

In cases involving the use of a counterfeit mark, a plaintiff may elect an award of statutory damages at any time before final judgment is rendered in the sum of not less than $1,000 nor more than $200,000 per counterfeit mark per type of good. 15 U.S.C. § 1117(c)(1). Additionally, if the Court finds that a defendant's counterfeiting actions were willful, the Court may impose damages up to $2,000,000 per mark per type of good. § 1117(c)(2). Generally, courts have "wide discretion in determining the amount of statutory damages to be awarded, constrained only by the specified maxima and minima." Cable/Home Commc'n Corp. v. Network Prods., Inc., 902 F.2d 829, 852 (11th Cir. 1990). In infringement cases, statutory damages are allowed because proving actual damages is "extremely difficult if not impossible." Petmed Express, Inc. v. Medpets.com, Inc., 336 F. Supp. 2d 1213, 1220 (S.D. Fla. 2004). Two factors warrant special consideration in determining the amount of statutory damages: (1) the willfulness

of defendant's conduct; and (2) the deterrent value of any sanction imposed. Ill. Tool Works Inc. v. Hybrid Conversions, Inc., 817 F. Supp. 2d 1351, 1355 (N.D. Ga. 2011).

In this case, Plaintiff requested $1.2 million in statutory damages—$200,000 for each of its four trademarks, $200,000 for use and registration of the two infringing domain names and a $200,000 enhancement for willfulness. After considering Plaintiff's arguments, Defendants willful conduct and the deterrent value of imposing sanctions, this Court finds that $1 million in statutory damages is a reasonable award—$750,000 for the trademarks, $150,000 for the infringing domain names and $100,000 for willfulness. Therefore, Plaintiff's request for statutory damages is **GRANTED** in the amount of $1 million.

   3. Attorney's Fees and Costs

Plaintiff seeks an award of attorney's fees and costs in the amount of $95,416. [Doc. 34]. The Lanham Act provides that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a). The Eleventh Circuit Court of Appeals has held that "to be an 'exceptional case' under the Lanham Act requires only that a case 'stands out from others,' either based on the strength of the litigating positions or the manner in which the case was litigated." Tobinick v. Novella, 884 F.3d 1110, 1118 (11th Cir.

2018) (quoting <u>Octane Fitness, LLC v. ICON Health & Fitness</u>, 572 U.S. 545, 554 (2014)).  Significantly, attorney's fees are required when the infringement is intentional unless extenuating circumstances are shown.  <u>Chanel, Inc. v. Italian Activewear of Fla., Inc.</u>, 931 F.2d 1472, 1476 (11th Cir. 1991).

In this case, Plaintiff has demonstrated that the infringement of the trademarks was intentional.  Plaintiff has also demonstrated that this case is an "exceptional case," especially after considering Defendants' repeated failure to respond to Plaintiff's twenty-seven service attempts.  Accordingly, this Court finds that Plaintiff is entitled to an award of attorney's fees and costs under the Lanham Act.

In calculating a reasonable award of attorney's fees,

> a district court must first calculate the "lodestar" amount—the number of hours reasonably expended multiplied by a reasonable hourly rate. A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation.  The district court is "itself an expert" on the reasonableness of hourly rates and may consider its own knowledge and experience on the topic.  Further, the fee applicant must provide the district court with detailed evidence about the reasonable hourly rate, as well as records to show the time spent on the different claims and the general subject matter of the time expenditures set out with particularity.  In addition, a well-prepared fee petition also would include a summary, grouping the time entries by the nature of the activity or stage of the case.

<u>Anthem Indus., LLC v. Dawson</u>, No. 1:16-CV-03386-ELR, 2017 WL 6996371, at *5 (N.D. Ga. Oct. 31, 2017).

Plaintiff requests $89,957 in attorney's fees.  Plaintiff properly supported its fee request with an affidavit and itemized billing records for the Court's review.  Five timekeepers worked on this case.  This Court has reviewed the experience of each of the timekeepers and finds that their hourly rates fall within the range of the prevailing market rates for persons with similar experience, skill and reputation.  As such, this Court concludes that the rates billed are reasonable.  As to the hours billed, the Court has carefully reviewed the billing records and finds that the hours billed are reasonable.  Ultimately, this Court finds that Plaintiff's request for attorney's fees is reasonable, and thus the Court will award attorney's fees in the amount of $89,957.

Plaintiff also seeks to recover costs in the amount of $7,328.  The Lanham Act allows a trademark registrant who establishes a defendant's trademark infringement to recover "costs of the action."  15 U.S.C. § 1117(a).  Moreover, Plaintiff, as the prevailing party, is entitled to recover its reasonable costs under Federal Rule of Civil Procedure 54(d).  Here, Plaintiff seeks to recover the $400 filing fee and $6,778 related to service of process on Defendants.  As these costs are authorized under 28 U.S.C. § 1920, this Court will award costs in the amount of $7,328.  Ultimately, Plaintiff's Motion for Costs and Attorney's Fees [Doc. 34] is **GRANTED**.

## CONCLUSION

For the reasons stated above, the Clerk is **DIRECTED** to enter judgment in favor of Plaintiff against Defendants in the amount of $1 million for statutory damages and $95,416 in attorney's fees and costs. The Clerk is **FURTHER DIRECTED** to close this case.

**SO ORDERED** this 15th day of March, 2022.

_____
J. P. BOULEE
United States District Judge